# IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| YINGJUN (FOREST) MU, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 2025-0580-SEM |
| | ) | |
| GENSCRIPT CORPORTATION, a | ) | |
| Delaware Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

## FINAL POST-TRIAL ORDER

WHEREAS, Yingjun (Forest) Mu (the "Plaintiff") initiated this books and records action on May 23, 2025, seeking a court-ordered production of the books and records of GenScript Corporation (the "Defendant");

WHEREAS, trial was held on December 9, 2025, after which I issued an oral report holding that, even if I assumed the Plaintiff had a proper purpose for inspection: (1) the Plaintiff's decision to file a plenary action mooted such purpose and (2) the Defendant had voluntarily produced all the books and records to which the Plaintiff was entitled under 8 *Del. C.* § 220, as recently amended ("New 220");[1]

WHEREAS, I further held that the Plaintiff had not met his burden to prove a compelling need for records above New 220's definition of "books and records" nor did he present clear and convincing evidence that such additional, specific records

---

[1] Docket Item ("D.I.") 109.

are necessary and essential to his purpose; I did, however, grant the Plaintiff additional time to more closely review the Defendant's production, which was provided to him on the eve of trial, and identify any gaps or concerns;

WHEREAS, in my oral ruling I declined to shift fees;

WHEREAS, as directed, the parties met and conferred about the Plaintiff's concerns and filed a joint submission on January 9, 2026, with each side's position; on January 12, 2026, the Defendant confirmed that it had provided a copy of its books and records production for my review *in camera*; I have reviewed the production in full in preparing this final report;

**IT IS HEREBY ORDERED** on this 6th day of February 2026, as follows:

1. The Plaintiff's challenges are OVERRULED. The Plaintiff is not entitled to any further production, and this action should be closed absent timely exceptions.

2. The Plaintiff's challenges, in large part, implicitly ask me to reconsider my post-trial oral ruling to go beyond New 220's definition of "books and records." I decline to do so. The Plaintiff had the opportunity at trial to prove that he was entitled to additional records and failed to do so. His post-trial request for bank statements, wire confirmations, deposit records, related-party transaction records, and invoices must be denied as improper reargument.

3. The Plaintiff further objects to the format of the production and one

limited redaction. Neither objection is persuasive. First, the Plaintiff objects that the production was not made in native format and was, instead, produced as a PDF. Having reviewed the production, I find no basis on which to questions its authenticity or completeness, and the Plaintiff has not demonstrated why I should require a re-production with metadata. The Plaintiff has been provided the scope of books and records to which he is entitled, in a format which allows him to review and consider them as he sees fit. The redaction is also acceptable; on its face, it appears to be a proper assertion of attorney-client privilege and was done narrowly, omitting only the purportedly privileged material.

4. The Plaintiff's request for additional or revised records is, therefore, DENIED. With production complete, this action should be closed.

5. This is my final report under Rule 144 and exceptions may be filed within 3 business days.

**IT IS SO ORDERED.**

/s/ Selena E. Molina
Senior Magistrate Judge